```
 1  LAW OFFICE OF RICHARD W. SNYDER
 2  RICHARD W. SNYDER, ESQ., State Bar # 183570
    131 N. Tustin Ave., Suite 200
 3  Tustin, CA 92780
    (714) 505-7585
 4
 5  Attorney for Movant
 6  DANIEL'S JEWELERS
 7
```



**FILED & ENTERED**

**JUN 02 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MALLIKA NEDELIJOV<br><br><br><br>          Debtor, | ) Case No.: 2:17-11388-RK<br>)<br>) CHAPTER   7<br>)<br>) ORDER DENYING EXAMINATION<br>) AND PRODUCTION OF<br>) DOCUMENTS UNDER<br>) BANKRUPTCY RULE 2004<br>)<br>) ~~Date:  06/02/2017~~<br>) ~~Time:  02:00PM~~<br>) ~~Place: 131 N TUSTIN AVE~~<br>)          ~~SUITE 200~~<br>)          ~~TUSTIN CA 92780~~ |

    Having considered the motion of Daniel Jewelers ("Movant") to examine the above-named Debtor under Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1 and 9013-1(o), the court orders that the Motion is DENIED WITHOUT PREJUDICE for inadequate notice of an order to appear for examination to Debtor.

    The court determines that Movant's submission by attorney, Mr. Snyder, of a declaration of non-opposition recently received by the court, only served on it by regular

United States mail on May 22, 2017, and not received by the court until approximately May 25, 2017, right before the Memorial Day holiday on Monday May 29, 2017, does not give reasonable and fair notice to Debtor to appear for examination about Movant's collateral, only a few days later.  By the time the court reviewed the declaration of non-opposition and processed the order for examination on June 1, 2017, there would be no notice to Debtor to appear for the examination on June 2, 2017.  The court reviewed the declaration of non-opposition on June 1, 2017.  The examination was scheduled for June 2, 2017.

      The lack of notice for an order for examination is apparently attributable to Movant's incorrectly following procedures of Local Bankruptcy Rule 9013-1(o), which is applicable to motions determined after notice and opportunity to request hearing, which provides for a 15-day waiting period before submission of an order granting such motion.  However, Movant followed the wrong rule for its Motion for Examination under Rule 2004, which is covered by Local Bankruptcy Rule 9013-1(p), applicable to motions determined with notice, but without a hearing, which does not have any 15-day waiting period for the court to rule on the motion as provided in Local Bankruptcy Rule 2004-1.  Under Local Bankruptcy Rule 2004-1(c), as long as the movant gives not less than 21-days notice of the examination from the date the motion is served, the court can rule on the motion for examination without hearing immediately, without further waiting pursuant to Local Bankruptcy Rule 2004-1(d).  The party to be examined still has the right to seek a protective order under Local Bankruptcy Rule 2004-1(f) if the motion for examination is granted and an order for examination is issued and the motion for protective order is filed not less than 14 days before the date of the examination.  However, in this case,

because Movant misunderstood the Local Bankruptcy Rules, the court's review of the motion and issuance of an order for examination was unreasonably delayed, so that Debtor as the party required to appear for examination, had no notice of a court order that the motion for examination is being granted and that the appearance for examination is required.  During this time period of at least 15 days that Movant waited to submit the proposed order for examination, Debtor did not know whether an appearance for examination was required or not, which deprived Debtor the right to file a motion for protective order, which must be filed not less than 14 days before examination.  In this example, there was no review of the declaration of non-opposition and order until the day before the scheduled examination.  The court may or may not review it on the day Movant submitted it, and it could be several days before the order is reviewed, approved, entered and served by mail.  The Debtor would not receive a copy of the order prior to the examination date.

    The above named Debtor is **NOT** ordered to appear before Movant's attorney, Mr. Snyder, at his office at 18002 Irvine Blvd., Suite 200, Tustin, CA 92780, on June 2, 2017 at 2:00 p.m.  **The examination is cancelled by this order**.  However, Debtor is advised that the examination may be rescheduled and ordered if Movant follows the proper procedures under Local Bankruptcy Rules 2004-1 and 9013-1(p) and promptly submits a proposed order for examination once it files and serves a new motion for examination of Debtor under these rules, so that the court can issue an order for examination if the new motion is granted, which will provide reasonable advance notice to Debtor to appear for examination.

    Meanwhile, by this order, Movant's motion for examination of Debtor is DENIED

WITHOUT PREJUDICE, Debtor need not appear before Movant's attorney on June 2, 2017 and Movant is admonished to follow the correct rules and procedures in bringing motions for Rule 2004 examination.

    IT IS SO ORDERED.

###

Date: June 2, 2017

_____
Robert Kwan
United States Bankruptcy Judge